UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN LOVELADY,

                      Plaintiff,

       -against-

OTIS BANTUM CORRECTIONAL FACILITY RIKERS ISLAND; WARDEN D. MEBANE; CITY OF NEW YORK; MAYOR ERIC ADAMS; COMMISSIONER LOUIS MOLINA,

                      Defendants.

24-CV-9646 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff Juan Lovelady, proceeding *pro se*, is currently detained at the Otis Bantum Correctional Center on Rikers Island ("OBCC"). On December 12, 2024, Plaintiff filed the original complaint in this case, alleging that Defendants violated his constitutional rights during his detention at the OBCC. (ECF No. 1.) By Order dated January 29, 2025, the Court granted Plaintiff leave to file an amended complaint to state facts describing how correctional staff violated his federal constitutional rights. (ECF No. 8.) On March 5, 2025, the Court received Plaintiff's amended complaint. (ECF No. 9.) Plaintiff alleges that (1) he slipped and fell in his cell after the pipes burst and (2) he now suffers from back and knee pain. (*Id.* at 9.) For the reasons set forth below, the Court dismisses the amended complaint for failure to state a claim, but grants Plaintiff 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

The Court construes Plaintiff's amended complaint as asserting a conditions of confinement claim under the Fourteenth Amendment's Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017).

To state a conditions of confinement claim, a plaintiff must establish two elements: (1) that the challenged conditions are sufficiently serious, and (2) that defendant acted with at least deliberate indifference to those conditions. *Id.* at 29. To satisfy the first element, the plaintiff must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety. *Id.* at 30 (citation omitted). To satisfy the second element, the plaintiff must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-

official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

It is well-established in this Circuit that "allegations of wet floor conditions that cause a prisoner to slip and fall, standing alone, do not satisfy the first prong of a conditions of confinement claim." *Luckey v. Jonas*, No. 18-CV-8103, 2019 WL 4194297, at *3 (S.D.N.Y. Sept. 4, 2019) (Torres, J.) (quoting *Lopez v. Phipps*, No. 18-CV-3605, 2019 WL 2504097, at *8 (E.D.N.Y. June 17, 2019) (collecting cases)); *see also Strange v. Westchester Cnty. Dep't of Corr.*, No. 17-CV-9968, 2018 WL 3910829, at *3 (S.D.N.Y. Aug. 14, 2018) (Román, J.) ("District courts in this Circuit have repeatedly held that, standing alone, a claim that a prisoner fell on a slippery floor and injured himself fails to satisfy the first prong of a conditions-of-confinement claim.").

District courts in this Circuit have also held that a slip and fall claim, standing alone, does not satisfy the second prong of a conditions of confinement claim—that correctional staff showed deliberate indifference to a serious risk of harm. *See, e.g.*, *Fredricks v. City of New York*, No. 12-CV-3734, 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) (Torres, J.) ("A prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) ("Although plaintiff alleges that defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence.").

Plaintiff does not allege any facts showing that his cell conditions posed an unreasonable risk of serious harm to his health and safety, or that any corrections official was deliberately indifferent to a risk of serious harm. He therefore does not satisfy either element of a condition of confinement claim. Thus, while Plaintiff's allegations may be sufficient to state a claim of

negligence under state law, they do not state a federal claim under Section 1983. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid conditions of confinement claim, the Court grants Plaintiff 30 days' leave to file a second amended complaint.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file a second amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 29, 2025
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge